PAMELA T. (NANTZ) LAWRENCE v. JOHN CHARLES NANTZ, JR.

No. 9310DC272

(Filed 5 July 1994)

**1. Divorce and Separation § 409 (NCI4th)— failure of father to maintain medical insurance—father not personally liable for medical expenses**

There was no merit to plaintiff's contention that the trial court should have ordered defendant to pay medical expenses incurred on behalf of the parties' minor child because defendant violated the parties' 1978 consent judgment when he allowed his insurance coverage to lapse, since plaintiff presented no evidence that any portion of the outstanding medical bills would have been paid if defendant had maintained health insurance on the minor child and since the consent agreement contained no provision that defendant would be personally liable for medical expenses if he failed to maintain medical insurance. N.C.G.S. § 50-13.11(e) did not apply to the 1978 consent judgment.

**Am Jur 2d, Divorce and Separation §§ 1037, 1038.**

**2. Divorce and Separation § 447 (NCI4th)— child's hospitalization—substantial change of circumstances—father's obligation to pay expenses—effect of child's majority**

A minor child's hospitalization constituted a change of circumstances, and the trial court had the authority to apportion the cost between plaintiff and defendant, taking into account their respective incomes, assets, and expenses, and the fact that the child reached the age of eighteen one month after plaintiff filed her motion had no effect on this result. N.C.G.S. § 50-13.7(a).

**Am Jur 2d, Divorce and Separation §§ 1078 et seq.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

LAWRENCE v. NANTZ

[115 N.C. App. 478 (1994)]

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

**Postmajority disability as reviving parental duty to support child. 48 ALR4th 919.**

Appeal by plaintiff from order entered 24 November 1992 by Judge Fred M. Morelock in Wake County District Court. Heard in the Court of Appeals 10 January 1994.

Plaintiff Pamela T. (Nantz) Lawrence and defendant John Charles Nantz were married on 3 June 1972 and separated on 16 January 1978. In February 1978, plaintiff brought an action seeking custody of and support for John Charles Nantz, III (hereinafter the minor child), born on 28 September 1974. Plaintiff and defendant entered into an 18 May 1978 consent judgment wherein defendant agreed, *inter alia*, to maintain for the minor child the medical insurance coverage that he had with his employer. He further agreed that in the event he changed employers he would obtain and keep in effect a medical insurance policy with coverage equivalent to that in effect at the time of the consent judgment. On 30 August 1991, plaintiff discovered that the minor child had intentionally injured himself. Plaintiff took him to Pembroke Psychological Services to see Armand Ochetti, C.C.S.W., M.S.S.A., who insisted that the child be hospitalized immediately because he might try to hurt himself further. Armand Ochetti recommended that the child be placed in Holly Hill Hospital, which admitted the minor child on 31 October 1991.

The total cost for treating the minor child was $19,812.17. Of that amount, plaintiff's insurance carrier paid $5,593.54, the hospital discounted the total bill by $4,908.23, and defendant paid nothing. Defendant had no medical insurance for the child since he had discontinued his insurance coverage in violation of the consent agreement. Plaintiff filed a motion on 4 August 1992, requesting that the trial court enter an order requiring defendant to assist with the payment of the outstanding medical expenses. From the denial of this motion, plaintiff appeals.

*Lawrence and Holbrook, by Gary S. Lawrence, for plaintiff-appellant.*

*Sidney P. Jessup for defendant-appellee.*

McCRODDEN, Judge.

Plaintiff assigns error to the trial court's refusal to order defendant to pay the medical expenses incurred on behalf of the minor child. Specifically, she argues that the trial court should have granted her motion for payment of such expenses because (1) defendant violated the consent judgment when he allowed his insurance coverage to lapse, and (2) the minor child's hospitalization constituted a change of circumstances warranting modification of the support order.

**[1]** As support for her first contention, plaintiff relies on N.C. Gen. Stat. § 50-13.11(e) (Supp. 1993), which provides:

> If the party who is required to provide medical insurance fails to maintain the insurance coverage for the minor child, the party shall be liable for any medical, hospital, or dental expenses incurred from the date of the court order or agreement that would have been covered by insurance if it had been in force.

Section 50-13.11(e), however, became effective 1 October 1990, and is applicable only to court orders and written agreements entered on or after that date. *See* Editor's Note, N.C.G.S. § 50-13.11. Since plaintiff and defendant executed the consent judgment on 18 May 1978, before section 50-13.11(e) became operative, the statute does not apply to the instant case.

Assuming *arguendo* that N.C.G.S. § 50-13.11 were operative at the time the consent judgment was executed, plaintiff's argument still fails. Pursuant to section 50-13.11(e), defendant would be liable for the expenses that would have been covered by his insurance if it had been in force. Plaintiff presented no evidence showing that any portion of the outstanding medical bills would have been paid if defendant had maintained health insurance on the minor child. Indeed, the evidence was that plaintiff's insurance had coverage substantially similar to that provided by defendant's lapsed policy.

Furthermore, the consent judgment does not grant the relief sought by plaintiff. Although it orders defendant to maintain medical insurance coverage for the child, the consent agreement contains no provision that defendant will be personally liable for medical expenses if he fails to maintain medical insurance. The defendant is not liable under the consent judgment for any of the remaining medical expenses.

[2] Plaintiff next disputes the trial court's refusal to modify a prior support order to require defendant to help pay for the medical bills incurred on behalf of the minor child. She contends that the child's hospitalization constituted a substantial and material change of circumstances.

Section 50-13.7(a) of the North Carolina General Statutes provides that a district court may modify an order for support of a minor child at any time, upon motion in the cause and a showing of changed circumstances by either party, subject to the limitations of N.C. Gen. Stat. § 50-13.10 (1987). N.C. Gen. Stat. § 50-13.7 (1987). Section 50-13.10, entitled "Past due child support vested; not subject to retroactive modification; entitled to full faith and credit," states:

> (a) Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment, if, but only if, a written motion is filed, and due notice is given to all parties either:
>
> (1) Before the payment is due or
>
> (2) If the moving party is precluded by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason from filing a motion before the payment is due, then promptly after the moving party is no longer so precluded.

N.C.G.S. § 50-13.10.

The statute does not define retroactive payments. Reading the words of this statute in conjunction with its title and common sense, we are convinced that the General Assembly did not intend to equate retroactive payments with expenses already incurred, as defendant would have us believe. Defendant reads section 50-13.10 to require plaintiff to file a motion to modify the support order before the minor child was hospitalized and had incurred medical expenses. This interpretation would unreasonably require plaintiff to possess a prescience that no one possesses, i.e., the ability to predict in advance the expenses the child would incur while hospitalized so that she could seek modification of the consent judgment prior to the defendant's payment of support during the months of hospitalization. Sec-

tion 50-13.10 is not applicable to the facts of this case, and the trial court's reliance on it was error.

Without the limitations of section 50-13.10, we return to section 50-13.7. The minor child's hospitalization and its resulting costs constituted, as the trial court found, a substantial change in circumstances. The record discloses that plaintiff's own insurance paid over a fourth of this amount and that plaintiff was able to negotiate a further reduction of the outstanding debt, on condition that she make regular monthly payments to erase the remaining debt. Shortly thereafter, having had no success in her requests for assistance from defendant, she filed her motion in the cause. The trial court had the authority to apportion the balance of medical expenses between plaintiff and defendant, taking into account their respective incomes, assets and expenses, N.C.G.S. § 50-13.7, and to order defendant to pay his pro rata share of the monthly payments. The fact that a month *after* plaintiff filed the motion, the child reached the age of 18, the age at which defendant's support was to cease, has no effect on this result.

We remand this case to the lower court to take into account the parties' abilities to provide support for the minor child's medical expenses and to enter an order modifying the support order. N.C. Gen. Stat. § 50-13.4 (Supp. 1993); N.C.G.S. § 50-13.7(a) . The current order is reversed.

Reversed and remanded.

Judges WELLS and JOHN concur.